IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUENTIN T. JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A. No. 22-708 (MN) |
| ) | |
| ROBERT MAY, Warden, and ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

At Wilmington, this 30th day of June 2022;

**I.      BACKGROUND**

Presently pending before the Court is Petitioner Quentin T. Jones' ("Petitioner") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his 2020 conviction for fourth degree rape. (D.I. 3 at 1). The Petition asserts two ineffective assistance of counsel claims and one claim alleging that the Superior Court erred in denying Petitioner's "legal innocence claim in his Rule 32(d) motion." (D.I. 3 at 7). The Petition and Exhibits demonstrate that: (1) the Delaware Supreme Court affirmed Petitioner's conviction on April 18, 2022 (D.I. 3 at 3; D.I. 3-2 at 191-199); (2) the Delaware Superior Court denied Petitioner's motion for postconviction relief filed pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on May 11, 2022 (D.I. 3 at ; D.I. 3-3 at 2-14); and (3) after denying Petitioner's Rule 61 motion, the Superior Court allowed Petitioner to amend his Rule 61 motion, and then denied the amended Rule 61 motion on May 18, 2022 (D.I. 3-3 at 15-19).

Petitioner filed the instant Petition on May 31, 2022. (D.I. 1). On June 13, 2022, the Court issued an initial AEDPA Order informing Petitioner of his rights under 28 U.S.C. § 2244. (D.I. 6).

The Order explained that a petitioner must exhaust state remedies before seeking federal habeas relief, and noted that the Court was unable to discern whether Petitioner had exhausted state remedies by appealing the denials of his Rule 61 motion. *Id*. The Order also informed Petitioner that he had to file a completed AEDPA election form indicating how he wishes to proceed by July 29, 2022. (D.I. 6 at 2)

On June 23, 2022, Petitioner filed his AEDPA election form indicating that he wished the Court to rule on the Petition as filed. (D.I. 7). Thereafter, on June 27, 2022, Petitioner filed a Motion to Stay the proceedings so that he can exhaust state remedies. (D.I. 8 at 3).

## II.     GOVERNING LEGAL PRINCIPLES

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

Additionally, as a general rule, a federal habeas court may stay a timely filed habeas petition containing both exhausted and unexhausted claims (*i.e.*, a "mixed petition") where: (1) good cause exists for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not plainly meritless; and (3) there is an absence of any indication that the petitioner engaged in potentially dilatory tactics. *See Rhines v. Weber*, 544 U.S. 269, 270, 277-78 (2005). Good cause typically requires a showing that exhaustion will likely result in the petition

being time-barred by the one-year limitations period in 28 U.S.C. § 2244. *See Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013) ("In *Heleva*, we observed that the time remaining on the one-year clock to file a federal habeas petition could reasonably be a component in the 'good cause' determination from *Rhines*."); *Heleva v. Brooks*, 581 F.3d 187, 190-92 (3d Cir. 2009). In addition, the Supreme Court has stated that, when it is unclear whether a petitioner's state filing is timely so as to qualify him for § 2244(d)(2) tolling, he may ensure his compliance with his federal filing deadline by filing a "protective" petition in federal court and asking the federal court to stay and abey the proceeding until state remedies are exhausted. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

### III.   DISCUSSION

Although not entirely clear, it appears that Petitioner seeks to exhaust remedies for all three Claims in the instant Petition (or he is already in the process of exhausting state remedies). Given Petitioner's rapid filing of his Rule 61 motion and this Petition, it does not appear that Petitioner is in danger of being time-barred once he has exhausted state remedies. Given these circumstances, the Court concludes a stay is not warranted and, therefore, will deny Petitioner's Motion to Stay (D.I. 8).

Additionally, given Petitioner's explicit statement that he wishes to exhaust state remedies, the Court will summarily dismiss Petitioner's § 2254 Petition (D.I. 2) without prejudice in order to permit him to exhaust his state court remedies.[1] As a result, the Court will also dismiss as moot his Motion to Appoint Counsel. (D.I. 5). A separate Order follows.

---

[1]   Habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Petitioner is responsible for determining the events that trigger and toll the limitations period.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge